UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------------  x
BENNY GRAY, JR.,                                                    :
                                                                    :
                                        Plaintiff,                  :
                                                                    :      INITIAL REVIEW
        -against-                                                   :      ORDER
                                                                    :
MICHAEL E. PASSERO, et al.,                                         :      24-CV-185 (VDO)
                                                                    :
                                        Defendants.                 :
------------------------------------------------------------------  x
```

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Benny Gray, Jr., a sentenced inmate incarcerated at Corrigan Correctional Center in Uncasville, Connecticut, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. The complaint brings claims against four defendants, New London Mayor Michael E. Passero, the City of New London, the New London Chief of Police, and New London Police Officer Ryan Griffin. Plaintiff asserts his claims against the individual defendants in their individual and official capacities.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915(b). The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

I.      **FACTUAL BACKGROUND**

On February 4, 2019, Plaintiff filed a civilian complaint against several New London police officers who were involved in his May 9, 2018 arrest. Complaint, Doc. No. 1 at 5. On September 18, 2020, Captain Wright concluded his investigation into the complaint and determined that Plaintiff's allegations were unfounded. *Id.*

The city attorney notified Plaintiff that the allegations had been determined to be unfounded. *Id.* Plaintiff then timely appealed to Mayor Passero. *Id.* In November 2020, the city attorney notified Plaintiff by mail that a public hearing on his appeal would not be scheduled until the COVID-19 restrictions were lifted. *Id.*

Plaintiff posted an appeal bond in June 2021. *Id.* While out on bond, Plaintiff was approached by Habibah Abdul-Hakeem, a member of the Police-Community Relations Committee ("PCRC") who told him that she believed the New London Police Department had violated Plaintiff's rights. *Id.*

Ms. Abdul-Hakeem and another PCRC member filed complaints against the New London Police Union and asked Plaintiff to testify for them. *Id.* Plaintiff appeared at Ms. Abdul-Hakeem's hearing. *Id.* During the hearing, Plaintiff asked Mayor Passero why, now that the COVID restrictions had been lifted, no hearing had been scheduled on his appeal. *Id.* At the end of the hearing, Mayor Passero assured Plaintiff that the city attorney would schedule a hearing on his appeal. *Id.*

Plaintiff has submitted FOI requests seeking the full investigation of his civilian complaint but neither the city attorney nor the police department released any reports to him. *Id.*

On October 23, 2023, at a state habeas hearing, Plaintiff learned that the New London Police Department had released a document to Plaintiff's attorney which showed the location of

all police officers during Plaintiff's May 2018 arrest. *Id*. at 6. Plaintiff alleges that the locations in this document were different than the locations described in the police reports. *Id*.

Captain Wright reported that all video recordings of Plaintiff's arrest had been destroyed because the reporting officer had not requested preservation. *Id*. Despite the lack of video footage and the conflicting information on officer locations, Captain Wright determined that Plaintiff's charge was unfounded. *Id*. To date, Plaintiff has not had a hearing on his appeal. *Id*.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915A, courts must review prisoner civil complaints in which a prisoner seeks redress from a government entity and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co*., 648 F.3d 98, 104 (2d Cir .2011) (internal quotation marks omitted). However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id*.,

and "a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678.

With respect to *pro se* litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (per curiam) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)). However, *pro se* litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g., Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original). A statement of claim that is not short and direct places "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Harden v. Doe*, No. 19-CV-3839(CM), 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks and citation omitted).

## III.   DISCUSSION

Plaintiff asserts four claims: (1) Mayor Passero and the City of New London have denied his First Amendment right to "redress of grievances," (2) Mayor Passero and the City of New London have denied him equal protection of the laws, (3) the New London Police Chief was negligent in failing to supervise the reporting officer to ensure that he complied with department

4

rules to preserve the video recordings, and (4) Officer Griffin was negligent for failing to preserve the video recordings.

### A.      Official Capacity Claims and Claims against City of New London

Claims against municipal officers in their official capacities are treated as if the claims are asserted against the municipality itself. *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) (noting that suit against municipal official in his official capacity is suit against municipality because liability for any judgment would rest with the municipality). Thus, the Court considers together the claims against the City of New London and the claims against the other defendants in their official capacities.

A municipality cannot be held liable in a section 1983 action based on respondeat superior. *i.e.*, merely because it employs a tortfeasor. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978). Municipalities are responsible only for "their own illegal acts." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986). To state a cognizable claim for municipal liability, Plaintiff must demonstrate the existence of "(1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." *Agosto v. New York City Dep't of Educ.*, 982 F.3d 86, 97 (2d Cir. 2020); *see also Monell*, 436 U.S. at 694. Plaintiff must show that his rights were violated as the result of a municipal policy, a municipal custom or practice, or the decision of a municipal policymaker with final policymaking authority. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).

A municipal policy exists where there is a decision by an official with policymaking authority, or a formal enactment by the municipality's governing body. *Monell,* 436 U.S. at 690; *see also Friend v. Gasparino*, 61 F.4th 77, 93 (2d Cir. 2023) ("Official municipal policy incudes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices

so persistent and widespread as to practically have the force of law." (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (internal quotation marks omitted))). A municipal policy generally involves more than one incident. *See Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("[A] single incident alleged in a complaint, especially if it involves only actors below the policy-making level, does not suffice to show a municipal policy[.]").

Plaintiff describes two incidents, the failure to schedule a hearing on the appeal of his civilian complaint and the failure to preserve video evidence. The first incident is attributed to the City and the Mayor, the second to the Police Chief and Officer Griffin.

Regarding the first incident and first claim, the New London municipal code provides:

> When a complaint has been lodged against a member of the NLPD by a civilian ... the NLPD shall present the conclusion of an investigation and the findings to the [police civilian review] board. The board will have the option to either vote to accept or object to the thoroughness and determination of the internal investigation brought before them.... [If the board is not satisfied with the investigation and any subsequent clarification] the board, by a two-thirds (2/3) affirmative vote, may send the matter to the mayor. Upon such referral, the mayor, at their discretion, may conduct a formal hearing to take in testimony and shall render a written decision in the matter.

New London Code of Ordinances, Section 2-42(i), www.library .municode.com/ct/new_london/codes/code_of_ordinances?nodeId=PTIICOOR_CH2AD (last visited Mar. 4, 2024).

Plaintiff does not allege that the review board referred the matter to the Mayor. Even assuming this occurred, when asked by Plaintiff, the Mayor stated that the city attorney would schedule a hearing. Although no hearing has been held, nothing in the facts alleges suggest that the Mayor made an official decision to deny Plaintiff a hearing. Plaintiff appears to be asserting his first two claims against the City and the Mayor under a theory of respondeat superior, which is not permitted. Plaintiff's claims for denial of his right to redress grievances and denial of equal

protection are dismissed against the City and the Mayor in his official capacity are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff's second incident related to the failure to preserve video evidence. This incident relates to the Police Chief and Officer Griffin. As the claim concerns only a single incident and does not involve a decision by an official with policymaking authority not to preserve video evidence, Plaintiff fails to allege facts supporting a claim for municipal liability. *See Mayo v. Doe*, 480 F. Supp. 3d 395, 403 (D. Conn. 2020) (dismissing municipal liability claim based on single incident with no decision by official with policymaking authority). The claims against the Police Chief and Officer Griffin in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## B. Mayor Passero

Plaintiff alleges that Mayor Passero denied him his right to petition for redress of grievances by failing to schedule a hearing on the appeal of his civilian complaint. He alleges, however, that Mayor Passero told him that the city attorney would schedule a hearing. Thus, by Plaintiff's own allegation, it was not Mayor Passero's obligation to schedule a hearing. The Mayor's failure to check with the city attorney to ensure that a hearing was actually scheduled is at most negligence, which is not cognizable under section 1983. *See Solek v. Pagnoni*, No. 3:23-CV-311(OAW), 2024 WL 278087, at *7 (D. Conn. Jan. 25, 2024) (negligence will not suffice to support section 1983 claim); *see also Rizzo v. Goode*, 423 U.S. 362, 370-77 (1976) (general allegation of administrative negligence fails to state constitutional claim cognizable under section 1983); *Dutkiewicz v. Hyjeck*, 135 F. App'x 482, 484 (2d Cir. 2005) (summary order) (negligence claims not cognizable under section 1983).

Plaintiff also contends that Mayor Passero violated his right to equal protection of the laws. The Equal Protection Clause protects individuals from invidious discrimination. It does not mandate identical treatment for each individual or group of individuals. Instead, it requires that similarly situated persons be treated the same. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40 (1985). To state an equal protection claim, Plaintiff must allege facts showing that he was treated differently from similarly situated persons, that the difference in treatment was based on "'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious bad faith intent to injure a person.'" *Diesel v. Town of Lewisburo*, 232 F.3d 92, 103 (2d Cir. 2000) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)); *see also Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) ("Equal Protection Clause bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations....'").

Plaintiff fails to identify a similarly situated person who was treated differently. Thus, Plaintiff fails to state a plausible Fourteenth Amendment equal protection claim.

The federal law claims against Mayor Passero in his individual capacity are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### C.    Police Chief

Plaintiff contends that the Police Chief failed to properly supervise Officer Griffin to ensure that the video footage was preserved. To recover money damages under section 1983 from a defendant in his individual capacity, Plaintiff must demonstrate "the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). A defendant is not personally involved merely because he supervised

the officer who directly committed the alleged violation. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. In *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), the Second Circuit concluded that "there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* at 618 (quoting *Iqbal*, 556 U.S. at 676). "The violation must be established against the supervisory official directly." *Id.*

In *Tangreti*, the Second Circuit quoted approvingly from the Fifth Circuit's description of a supervisory official's liability: "Beyond his own conduct, the extent of his liability as a supervisor is similar to that of a municipality that implements an unconstitutional policy." *Id.* at 618 n.6 (quoting *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011)). Plaintiff claims that the Police Chief failed to properly supervise Officer Griffin to ensure that he preserved the video evidence. Plaintiff does not plead facts suggesting that the Police Chief had any reason to believe there was a need for more or better supervision of Officer Griffin at the time of the incident. Thus, Plaintiff's conclusory statement is insufficient to show that the Police Chief violated his rights. *See Pal v. Cipolla*, No. 3:18-CV-616(MPS), 2019 WL 2930008, at *8 (D. Conn. July 8, 2019) (dismissing failure to supervise claim against police chief because plaintiff failed to show that "need for more or better supervision was obvious"). The claim against the Police Chief in his individual capacity is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### D.    Officer Griffin

Finally, Plaintiff alleges that Officer Griffin failed to ensure that the video footage of his arrest was preserved. This allegation constitutes, at most, negligence which is not cognizable

under section 1983. Any federal claim against Officer Griffin is dismissed pursuant to 28 U.S.C.
§ 1915A(b)(1).

## IV.     CONCLUSION

All federal law claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). As all
federal law claims have been dismissed, the Court declines to exercise supplemental jurisdiction
over any state law claims. *See* 28 U.S.C. § 1367(c) (district court may decline to exercise
supplemental jurisdiction over a claim if "the district court had dismissed all claims over which
it had original jurisdiction.").

If Plaintiff wishes to attempt to replead to state a viable claim, he may file an Amended
Complaint within thirty days from the date of this order. An Amended Complaint, if filed, will
completely replace the Complaint and the Court will not consider any allegations made in the
Complaint in evaluating the Amended Complaint. The Court will review any Amended
Complaint after filing to determine whether it may proceed to service of process on any
defendants named therein.

**SO ORDERED.**

Hartford, Connecticut
April 2, 2024

s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

10